ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 23 2006
U.S. COURT OF FEDERAL CLAIMS

JEROME C. JEWELL §
§
Plaintiff, §
v. §
§
§
UNITED STATES OF AMERICA §
§
Defendant. §

CIVIL NO. 06-228 T
JUDGE ______________

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff Jerome C. Jewell ("Plaintiff" or "Jewell") is a citizen of the United States of America whose address is 10803 NE 39th Place, Bellvue, WA. 98004.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6226, and 6230 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1998)

5. Jerome C. Jewell filed a timely federal income tax return for calendar year 1998 and paid the taxes reported due on that return. His taxpayer identification number as reflected on that tax return is XXX-XX-3830.

6. Jewell was a limited partner in Rancho California Partners II ("RCP2"), a California limited partnership.

7. RCP2 has dissolved and terminated.

8. On December 16, 2003, Jewell filed with the IRS a claim in the amount of $10,830.00 for refund of tax due to the loss he realized on the worthlessness and termination of RCP.

9. On March 23, 200, the IRS disallowed that claim.

10. Jewell asserted the following grounds for recovery in their refund claim, which are restated as follows:

A. RCP2 was an AMCOR partnership which was the subject of §6226 and §6228 litigation.

B. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

C. A settlement in the related Tax Court case under §6226 resulted in a reduction in the partnership's allowable 1986 losses.

D. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis in the partnership interest and a resulting loss upon the worthlessness, dissolution, or termination of the partners' partnership interest, which loss is the basis of this claim for refund.



R:\DOCS\TAXCONT.T\tmwc3226.je1.wpd

E. The IRS has agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the source year adjustments to the partnership losses. This is consistent with the notice from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since Plaintiff did not sell his partnership interest, this claim is based on the same increase in basis recognized upon worthlessness and final termination of the partnership interest.

F. However, Plaintiff is claiming an ordinary loss under Rev. Rul. 93-80. The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. The Basis adjustment and loss recognized was $28,630.00.

H. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision or settlement, and it is being filed consistent with the IRS' instructions.

J. Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. Furthermore, Plaintiff asserts alternative refund claims for 1998 and 1999 in the amounts of $3,317 and $3,391, respectively, if the loss is allowed only as a capital loss, and a remaining carryover from 1999 of an unused capital loss of $898.

11. Over six (6) months have elapsed since Jewell filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other

than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

12. Jewell is the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiff Jerome C. Jewell prays for judgment against the Defendant the United States of America in the amount of $10,830.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFF

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)