**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-228 T**
**(Judge Charles F. Lettow)**

---

**JEROME C. JEWELL,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant**

---

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Pursuant to RCFC 12(b)(1), the United States moves to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. As explained further below, plaintiff has failed to establish that he filed an administrative claim for refund with the Internal Revenue Service. In addition, even if plaintiff had filed a claim for refund on the date alleged, it would not have been timely under Section 6230 of the Internal Revenue Code.[1] In support of its motion, the United States relies on the following memorandum and the exhibits to the attached Declaration of Joseph B. Syverson, filed with this motion.

---

[1]Unless otherwise noted, the section symbol ("§") or the word "section" shall refer to the Internal Revenue Code of 1986, codified in Title 26 of the United States Code, as amended and in effect during the relevant period.

**STATEMENT**

Plaintiff was a limited partner in Rancho California Partners II ("RCPII"). (Compl. ¶¶ 6, 10; Syverson Decl. Ex. 2 at 11.)[2] RCPII's taxable year ending November 30, 1986 was the subject of two proceedings in the United States Tax Court: a petition for judicial review of a Final Partnership Administrative Adjustment ("FPAA") pursuant to § 6226 (Compl. ¶ 10; Ex. 4 at 8), and a petition for judicial review of the denial of an Administrative Adjustment Request ("AAR") pursuant to § 6228. (Compl. ¶ 10; Ex. 4 at 9.)

On April 13, 2001, pursuant to a settlement between the Commissioner and RCPII's tax matters partner, the Commissioner filed a motion for entry of decision pursuant to Tax Court Rule 248(b) in both of the RCPII Tax Court proceedings. (Ex. 4.) This motion was granted, and the Tax Court entered its decisions in both cases on July 19, 2001. (Ex. 3 at 2.)

Plaintiff filed his complaint in this Court for the tax year 1998 on March 23, 2006. He filed his 1998 individual income tax return, dated April 14, 1999, with the IRS on April 15, 1999. (Ex. 1 at 2, Ex. 2 at 3). Plaintiff alleges in his complaint that he filed a claim for refund of individual income tax for the tax year 1998 with the Internal Revenue Service on December 16, 2003. (Compl. ¶ 8.) Contrary to RCFC 9(h)(6), plaintiff did not annex a copy of the alleged claim for refund to his complaint. There is no claim for refund for plaintiff's individual income tax for 1998 in the IRS's administrative files. (*See* Syverson Decl. ¶ 4.)

Plaintiff further alleges that his purported claim for refund asserted that his basis in his partnership interest in RCPII was increased "[a]s a direct consequence of the adjustments to the partnership items" of RCPII resulting from "a settlement in the [RCPII] Tax Court case under

[2]Hereinafter, exhibits attached to the Syverson Declaration will be cited as "Ex. __."

§ 6226." (Compl. ¶ 10.) This increase in basis resulted in a loss in 1998, plaintiff further alleges, "upon the worthlessness, dissolution, or termination" of plaintiff's interest in RCPII. (*Ibid*.) Plaintiff reported an ordinary loss in his 1998 federal individual income tax return (Form 1040) because of a "100% disposition at a net loss" of his partnership interest in RCPII. (*See* Ex. 2 at 10-11.)

**ARGUMENT**

This Court lacks subject-matter jurisdiction over plaintiff's complaint for two reasons. First, as a threshold matter, plaintiff has offered no evidence to support plaintiff's allegation that he filed an administrative claim for refund, and he has therefore failed to meet his burden of proving this prerequisite to the exercise of the Court's jurisdiction. Second, even if he had filed a claim for refund on the date he alleges, it would not have been timely.

**I.**

**PLAINTIFF HAS NOT ESTABLISHED THAT HE FILED A CLAIM FOR REFUND**

This Court lacks subject-matter jurisdiction over plaintiff's complaint, because plaintiff has failed to establish that he filed a timely administrative claim for refund. The requirement to file an administrative claim for refund prior to filing suit for refund is imposed by § 7422(a):

> *No suit prior to filing claim for refund.* — No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*See also Computervision Corp. v. United States*, 445 F.3d 1355, 1363 (Fed. Cir. 2006).

Although plaintiff alleges that he filed a claim for refund with respect to his 1998

individual income taxes, plaintiff failed to comply with RCFC 9(h)(6) by attaching a copy of the purported claim for refund to his complaint. *See id.* (providing that "[a] copy of the claim for refund shall be annexed to the complaint"). This failure does not appear to be technical only, as the IRS's administrative files also do no include a claim for refund for 1998, or any other indication that such a claim was filed. *See* Syverson Decl. ¶ 4. On such a record, plaintiff has failed to carry his burden of proving that the Court has subject-matter jurisdiction over his complaint. *See Russell v. United States*, 78 Fed. Cl. 281, 287 (2007) (holding that a suit for refund is not within the Court's jurisdiction unless the plaintiff "has provided the court with the documentation (including evidence that a timely refund request has been filed) required by RCFC 9(h)(6)"); *Fry v. United States*, 72 Fed. Cl. 500, 510 (2006); *cf. Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (plaintiff has burden of establishing that the Court has subject-matter jurisdiction), *cert. denied sub nom. Cedars-Sinai Med. Ctr. v. O'Leary*, 512 U.S. 1235 (1994). Consequently, plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction.

## II.

## IN ANY EVENT, PLAINTIFF'S ALLEGED CLAIM FOR REFUND WOULD NOT HAVEN BEEN TIMELY FILED WITH THE INTERNAL REVENUE SERVICE

Even if plaintiff had filed a claim for refund as alleged on December 16, 2003, it would not have been timely, and this Court still lacks subject-matter jurisdiction. Section 6230(c)(1)(B) permits a partner to file a claim for refund based on an alleged failure by the IRS to apply to the partner the result of partnership-level litigation under §§ 6226 or 6228:

(c) CLAIMS ARISING OUT OF ERRONEOUS COMPUTATIONS, ETC. —

> (1) IN GENERAL.— A partner may file a claim for refund on the grounds that—
>
> * * * * * *
>
> (B) the Secretary failed to allow a credit or to make a refund to the partner in the amount of the overpayment attributable to the application to the partner of a settlement, a final partnership administrative adjustment, or the decision of a court in an action brought under section 6226 or section 6228(a)[.]

Section 6230(c)(2)(B) prescribes the time period within which such a claim for refund must be filed:

> (2) TIME FOR FILING CLAIM. —
>
> * * * * * *
>
> (B) UNDER PARAGRAPH (1)(B). — Any claim under paragraph (1)(B) shall be filed within 2 years after whichever of the following days is appropriate:
>
> (i) the day on which the settlement is entered into,
> (ii) the day on which the period during which an action may be brought under section 6226 with respect to the final partnership administrative adjustment expires, or
> (iii) the day on which the decision of the court becomes final.

Under these provisions of § 6230(c), plaintiff's alleged claim for refund was untimely. Plaintiff alleges that his claim was premised on "[a] settlement in the [RCPII] Tax Court case under § 6226." Compl. ¶ 10. Thus, it is a claim for refund described in § 6230(c)(1)(B).

Plaintiff does not specify whether the "settlement" he is referring to is the settlement between the RCPII tax matters partner and the Commissioner that resulted in entry of the decision in the RCPII Tax Court case under § 6226, or, perhaps, some other settlement agreement that plaintiff separately reached with the Service. Nevertheless, regardless which was intended, plaintiff's purported claim for refund was untimely.

If the "settlement" plaintiff is referring to is the settlement of the RCPII § 6226 case in Tax Court, then, under § 6230(c)(2)(B)(iii), plaintiff had 2 years from October 19, 2001, to file a claim for refund. On October 19, 2001, the Tax Court's July 19, 2001 decision became final under Tax Court Rule 190 and §§ 7481 and 7483. Plaintiff therefore had until October 19, 2003 to file his claim for refund, and the claim for refund he alleges was filed on December 16, 2003, is untimely.

If, however, plaintiff is referring to a separate settlement he entered into with the IRS concerning the RCPII partnership, the date of any such settlement must have been prior to July 19, 2001, and his alleged claim for refund is still untimely. Plaintiff, as a partner of RCPII, would have been bound by the final determination of the partnership items reflected in the July 19, 2001 Tax Court decision unless he had previously settled such partnership items with the Service. *See* § 6226(c) - (d) (all partners of a partnership during a taxable year treated as parties to an action under § 6226 relating to that taxable year unless, *inter alia*, that partner's partnership items for the taxable year have become nonpartnership items because of one of the events described in Code § 6231(b)); § 6231(b)(1)(C) (partnership item of a partner ceases to be a partnership item of that partner if "the Secretary . . . enters into a settlement agreement with the partner with respect to such item[]"). Thus, if plaintiff is referring to some other settlement, that settlement must have taken place before July 19, 2001, as he would have been bound thereafter by the settlement of the RCPII partnership level litigation. Thus, his alleged December 16, 2003, claim for refund would still be untimely under § 6230(c)(2)(B)(i), as it would have been filed more than two years after the settlement date.

## CONCLUSION

For the reasons stated, the complaint should be dismissed for lack of subject-matter jurisdiction.

Respectfully submitted,

November 16, 2007

s/ Joseph B. Syverson

JOSEPH B. SYVERSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
TELEPHONE (202) 307-6508
FACSIMILE (202) 524-9440
Joseph.B.Syverson@usdoj.gov

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ Steven I. Frahm

November 16, 2007

Of Counsel